**Curtis SELDERS, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 90–4207
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 1990.

Doris Falkenheiner, Baton Rouge, La., for plaintiff-appellant.

Christopher J. Carillo, Dallas, Tex., Karen J. Sharp, Principal Reg. Counsel, HHS, for defendant-appellee.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

PER CURIAM:

## I.

Curtis Selders appeals the district court's judgment in favor of the Secretary of Health and Human Services that resulted

in the denial of disability benefits under 42 U.S.C. § 423. We affirm.

## II.

Curtis Selders was 36 years old at the time he filed his application for Supplemental Security Income benefits. He had worked as a construction laborer and carpenter for 16 years. Selders alleged that he became disabled and unable to work due to injuries sustained to his back and knee when he fell five feet and landed in a sitting position on a concrete slab. Selders submitted statements with his application for benefits indicating that he could still occasionally lift up to 10 to 15 pounds, but no more than 25 pounds. He stated that he could walk three blocks and sit for three hours at a time.

After his accident, Selders was examined by six different doctors as well as a number of specialists at the University Medical Center. The results of the tests, x-rays, and diagnoses repeatedly indicated that Selders had no significant orthopedic or neurological problems. He has a normal range of motion, normal gait, normal reflexes, and normal sensory responses. Selders, however, continues to have subjective complaints of pain.

A rehabilitation consultant conducted a vocational evaluation of Selders. Selders' I.Q. test results indicated a verbal score of 70, a performance score of 76, and a full scale score of 72. He was assessed to be at a third grade level in both reading and mathematical abilities. The consultant maintained that the vocational tests indicated non-marketable skill levels, and he surmised that Selders was left with no marketable skills because of his injury.

Based on all of the record evidence, the ALJ determined that Selders did not have an impairment or combination of impairments listed in, or medically equal to one listed in the regulations. He also determined that Selders' impairments did not preclude him from performing a full range of light or sedentary work. The ALJ relied on the Medical–Vocational Guidelines to direct a finding that Selders was not disabled within the meaning of the Social Security Act. The Appeals Council denied Selders' request for review of the hearing decision. The decision of the ALJ therefore became the final decision of the Secretary. Selders sought judicial review in the district court pursuant to 42 U.S.C. § 405(g).

The magistrate to whom the case was referred recommended granting the Secretary's motion for summary judgment, concluding that there was substantial evidence to support the Secretary's conclusion that Selders was capable of performing light or sedentary work. After Selders filed objections to the magistrate's report, the district court adopted the magistrate's recommendation thereby granting the Secretary's motion for summary judgment and dismissing the suit. Selders appeals.

## III.

Selders raises three issues on appeal. First, he claims that decision of the Secretary of Health and Human Services is not supported by substantial evidence. Second, he claims the Secretary did not properly apply the Medical–Vocational Guidelines when determining that Selders was not disabled. Third, Selders claims that the Secretary should have found him to have an impairment substantially equivalent to one in the Listing of Impairments.

*Substantial Evidence*

On review, this court's function is to determine whether substantial evidence exists in the record as a whole to support the Secretary's factual findings. *Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir.1987). If the Secretary's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence means that evidence which is relevant and sufficient for "reasonable mind [to] accept as adequate to support a conclusion." *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983) (citations omitted). This court may not reweigh the evidence or try the issues de novo. *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir.1985). Conflicts in the evidence are for the Secretary and not the courts to resolve. *Patton v. Schweiker,* 697 F.2d 590, 592 (5th Cir. 1983).

■ As claimant, Selders had the burden of proving that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d at 1301. The statute defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Once the claimant establishes disability, the burden shifts to the Secretary to show that there is other substantial gainful employment available that the claimant is able to perform. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.1988). If the Secretary fulfills his burden of pointing out potential alternative employment, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Fraga*, 810 F.2d at 1302.

In evaluating a claim of disability, the Secretary conducts a five-step sequential analysis: (1) the claimant is not presently working, 20 C.F.R. § 404.1520(b); (2) the claimant has a severe impairment, 20 C.F.R. § 404.1520(c); (3) the impairment is not listed in, or equivalent to, an impairment listed in Appendix 1 of the Regulations, 20 C.F.R. § 404.1520(d); (4) the impairment prevents the claimant from doing past relevant work, 20 C.F.R. § 404.1520(e); and (5) the impairment prevents the claimant from doing any other substantial gainful activity. 20 C.F.R. § 1520(f); *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir.1986). In determining whether the claimant can do any other work, the Secretary considers the claimant's residual functional capacity, together with age, education, and work experience, according to the Medical–Vocational Guidelines set forth by the Secretary. *See* 20 C.F.R. § 404.1561.

■ The ALJ concluded that Selders was unable to perform his past work but that Selders retained the residual functional capacity to perform a full range of light work. Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing 10 pounds." 20 C.F.R. § 404.1567(b). A job also fits into this category when it requires "a good deal of walking or standing or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

The ALJ's finding that Selders is not disabled is supported by substantial evidence. None of the extensive medical evidence in the record indicates that Selders could not perform light or sedentary work. Furthermore, Selders submitted a statement indicating that he could still occasionally lift up to 10 to 15 pounds, that he could walk for several blocks and sit for hours at a time. The fact that the vocational expert indicated that Selders had no marketable skills is not dispositive. The expert's opinion was based largely on the fact that Selders is of below average intelligence. However, subjective factors such as age, education, and intelligence are taken into account in step 5 of the evaluation process.

*Application of the Medical–Vocational Guidelines*

■ Selders contends that the Secretary improperly relied on the Medical–Vocational Guidelines of the Social Security regulations because he has non-exertional impairments. *See* 20 C.F.R., Subpt. P, App. 2. When the claimant suffers only from exertional impairments or his non-exertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform. 20 C.F.R. § 404.1569 & Subpt. P, App. 2; *Fraga v. Bowen*, 810 F.2d at 1304.

■ Selders claims to have the non-exertional impairments of significantly subaverage mental capacity, chronic pain, and anxiety. Pain may constitute a non-exertional impairment that can limit the jobs a claimant would otherwise be able to perform. *Carter v. Heckler*, 712 F.2d 137, 141–42 (5th Cir.1983). There must be clinical or laboratory diagnostic techniques which show the existence of a medical impairment which could reasonably be expected to produce the pain alleged. *See Hollis v. Bowen*, 837 F.2d 1378, 1384–85 (5th Cir. 1988). Pain constitutes a disabling condition under the Social Security Act only when it is "constant, unremitting, and

wholly unresponsive to therapeutic treatment." *Harrell,* 862 F.2d at 480 (*quoting Hames v. Heckler,* 707 F.2d 162, 166 (5th Cir.1983). There was substantial evidence here, however, from which the ALJ could conclude that Selders' pain did not limit his ability to perform light work. The various tests, x-rays, and diagnoses repeatedly indicated that Selders had no significant orthopedic *or neurological problems.* He has a normal range of motion, normal gait, normal reflexes, and normal sensory responses. Selders himself stated that he could lift up to 10 to 15 pounds, but no more than 25 pounds. There was no medical evidence to support chronic pain of a nature that would limit Selders' work abilities entirely, and several of the doctors who examined him indicated that he could return to work and resume normal activities. Repeated medical reports indicated that Selders did not appear to be in acute distress. Thus, the ALJ could conclude that the medical evidence did not support a finding of chronic pain as a non-exertional limitation and, as such, the ALJ did not err in resorting to the Guidelines to determine availability of alternate work. *See Fraga v. Bowen,* 810 F.2d at 1304–05.

■ Selders also claims anxiety as a non-exertional limitation. There is no medical evidence in the record to support this claim. It does not appear that Selders ever complained of anxiety or sought treatment for that condition. Thus, the record is devoid of any clinical or diagnostic support for anxiety as a medically significant non-exertional impairment in this case. *See Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir.1987).

■ Finally, Selders claims that his subaverage mental capacity constitutes a non-exertional limitation that should have prevented the ALJ from determining alternate work by sole reliance on the Guidelines. "[B]elow-average intelligence alone does not constitute a non-exertional impairment." *Johnson v. Sullivan,* 894 F.2d 683, 686 (5th Cir.1990). While Selders characterizes his intelligence as "significantly

subaverage," the vocational report stated that Selders functioned within the "borderline range of intelligence." Although mental retardation qualifies as a non-exertional impairment, the evidence of record does not indicate that Selders is retarded. His I.Q. test scores were verbal I.Q. of 70, performance I.Q. of 76, and full-scale I.Q. of 72. The vocational expert's report found Selders to be functioning within the 95th–99th percentile in at least seven industry-related areas. Thus there is no support for the conclusion that Selders' low mental capacity is a non-exertional impairment rendering him entirely unable to perform light or sedentary work.

*Equivalent Impairment*

■ Selders asserts that the ALJ erred at level three of the five-step sequential analysis by failing to explain why Selders did not have an impairment equivalent to the impairments listed in Appendix 1 of the regulations.[1] Selders asserts that his verbal I.Q. score of 70 placed him only one point away from an impairment in the Listing of Impairments in 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.05(C). Section 12.-05(C) defines an impairment to include a valid verbal, performance, or full scale I.Q. score of 60–69 inclusive, *and* a physical or other mental impairment imposing additional and significant work-related limitations of function. A claimant must prove both of these conditions in order to meet his burden under step three. *See Sullivan v. Zebley,* 493 U.S. ——, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Id.* 110 S.Ct. at 891–92; 20 C.F.R. § 404.1526(a).

■ Selders' argument that his I.Q. score of 70 was close to the 60–69 range in the Listing of Impairments does not warrant relief. Particularly since his other scores were 72 and 76, he has not demonstrated diagnostic evidence that these scores are the substantial equivalent to a score in the 60–69 range. Further, he has

---

**1.** If a claimant's impairment is in the Listing of Impairments or is found to be equivalent to a listed impairment, this raises the presumption of disability that makes further inquiry into

work ability unnecessary. *See Sullivan v. Zebley,* 493 U.S. ——, 110 S.Ct. 885, 892, 107 L.Ed.2d 967 (1990).

not shown the requisite additional physical or other mental impairment imposing additional and significant work-related limitations of function. Thus, substantial evidence supports the Secretary's conclusion that Selders' impairment was not equivalent to any in the Listing of Impairments.

Because there is substantial evidence in the record to support the Secretary's conclusion that Selders is not disabled and is capable of performing jobs in the light work range, the decision of the district court granting summary judgment to the Secretary is

AFFIRMED.