**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20305
Summary Calendar

THOMAS G. MOORE,

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CHATER, Department
of Health & Human Services,

Defendant-Appellee.

Appeal from the United States District Court

For the Southern District of Texas

(CA-H-94-3118)

(September 25, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Thomas Moore appeals the district court's grant of summary judgment in favor of the Commissioner affirming the denial of Moore's application for disability insurance benefits. We affirm.

---

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

The ALJ rejected Appellant's claim at the fifth step of the well-known sequential process (the impairment prevents the claimant from doing any other substantial gainful work which exists in the national economy). 42 U.S.C. § 432(d)(2)(A); <u>Selders v. Sullivan</u>, 914 F.2d 614, 618 (5th Cir. 1990). The ALJ found that Moore retained the residual functional capacity to perform medium work. Moore argues that the ALJ's conclusion is in conflict with the finding that Moore could not stand or walk more than four hours per day. Moore relies on Social Security Ruling 83-10, the "Vocational Expert's Handbook" published by the Department of Labor, which states that "a full range of medium work requires standing or walking, off and on, for a total of approximately six hours in an eight hour day. . . ." We construe this as a contention that the record does not contain substantial evidence supporting the decision.

The flaw in Appellant's argument is that the ALJ did not find that Moore could perform a full range of medium work. He found that Moore could perform medium work subject to the specific limitation that he stand or walk no more than four hours per day, limited to one hour at a time. The vocational expert was presented with a hypothetical question describing precisely all of Moore's limitations and he testified that Moore could perform as a production line welder, production worker, food preparer, assembler in any industry, or a marker in any industry, and that these positions existed "by the many thousands" in the national economy, but were "limited to the hundreds per job" in the regional economy.

Since Moore does not challenge the ALJ's findings relating to his limitations, the ALJ was correct in relying on the expert's testimony that, subject to those specific limitations, Moore was capable of performing relevant work available in the workplace.

AFFIRMED.