# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No.95-60265
(Summary Calendar)

BERLIN EICHELBERGER,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(93-CV-160)

November 24, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.[*]

PER CURIAM:

Plaintiff-Appellant Berlin Eichelberger appeals the dismissal of his complaint seeking judicial review of the Commissioner's decision to deny his application for disability benefits. Eichelberger contends that the weight of the law and the evidence, as well as the testimony of the vocational expert, do not support a finding that he can perform his past relevant work. For the following reasons we affirm the judgment of the district court.

## FACTS

Berlin Eichelberger applied for disability insurance benefits and supplemental security income (SSI) in 1991 alleging that back pain, leg pain, swelling, arthritis, migraine headaches, and high blood

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

pressure prevented him from working. Eichelberger had worked previously as a wire-spooling operator and as a school bus driver. After benefits were denied initially, the case proceeded to a hearing before the Administrative Law Judge (ALJ), who determined that Eichelberger was not disabled within the meaning of the Social Security Act. The Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. The Appeals Council suggested that Eichelberger undergo a comprehensive examination by Dr. Claude Fox. Dr. Fox reported that Eichelberger had no motor restrictions and that the crutches he used were not required.

The ALJ conducted a supplemental hearing but again found that Eichelberger was not disabled. This time the Appeals Council denied Eichelberger's request for review of the ALJ's decision, which became the Commissioner's final decision.

Eichelberger filed a complaint seeking judicial review of the Commissioner's decision. Eichelberger also filed a "Motion to Reverse Cause and Render Judgment for Plaintiff or in the Alternative to Reverse and Remand Cause for Application of Correct Legal Standards." The magistrate judge recommended that the district court deny Eichelberger's motion and render a final judgment in favor of the Commissioner. The district court adopted the magistrate judge's report over Eichelberger's objections and dismissed his complaint. Eichelberger filed a timely notice of appeal.

## DISCUSSION

We review the Commissioner's decision to deny disability benefits by determining whether there is substantial evidence in the record to support it and whether the proper legal standards were used in evaluating the evidence. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). A finding of no substantial evidence is appropriate "only where there is a conspicuous absence of credible choices or no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotations and citations omitted). We leave conflicts in the evidence to the Commissioner to resolve. Anthony v. Sullivan, 954 F.2d 289, 296 (5th Cir. 1992) (citations omitted).

In evaluating a claim of disability, the Commissioner uses the following five-step process to determine whether (1) the claimant is not presently working; (2) the claimant's ability to work is

2

significantly limited by a severe physical or mental impairment; (3) the impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from performing any other substantial gainful activity. 20 C.F.R. §§ 404.1520, 416.920 (1993); Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding that a claimant is not disabled at any point terminates the sequential evaluation. Crouchet v. Sullivan, 885 F.2d 202, 206 (5th Cir. 1989).

On the first four steps of the analysis, the initial burden is on the claimant to prove that he is disabled. On the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy which the claimant can perform. Wren v. Sullivan, 925 F.2d 123, 125 (5th Cir. 1991). If the Commissioner meets this burden, the claimant must then prove that he is not capable of alternative work. Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990). The ALJ concluded at the fourth step that Eichelberger is not disabled under the Social Security Act and that his impairments do not prevent him from performing his past relevant work.

To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. DePaepe v. Richardson, 464 F.2d 92, 94 (5th Cir. 1972). The entire record is reviewed to determine if such evidence is present. Villa, 895 F.2d at 1022.

**Past Relevant Work**

Eichelberger says that it was error to conclude that he can return to his past relevant work. He asserts that the medical evidence established that he suffers from both exertional and nonexertional limitations and that the vocational expert testified that he could not work with such limitations.

To determine whether a claimant can perform past relevant work, the ALJ must assess the physical demands of the job by considering the description of the work actually performed or as generally performed in the national economy. Id. The ALJ listened to Eichelberger's testimony regarding his past work and obtained testimony from a vocational expert to assess the physical

demands of the jobs Eichelberger had performed.

The vocational expert testified that Eichelberger's work as a wire-spooling machine operator was unskilled and required light physical exertion. His experience as a bus driver was semi-skilled and required medium physical exertion. In response to a hypothetical question paralleling Dr. Fox's findings, the expert testified that Eichelberger could return to wire-spooling and bus driving, as well as perform other jobs in the light, sedentary, and medium unskilled ranges. The vocational expert also testified that a person of the same age, work background, and education with the same impairments as Eichelberger but who also required sleep during the daytime could not work. The ALJ rejected this testimony, however, because t here was no medical evidence of a condition which reasonably would cause excessive sleepiness.

A report by Dr. Patrick Gill indicates that Eichelberger gets sleepy after taking Procardia, medication for his high blood pressure. However, this part of the record is too sparse to warrant our mandating reconsideration. Eichelberger has proffered nothing more than statements that he feels tired during the day to establish that his sleepiness disables him under the Act. Absent that kind of evidence, we must accept the ALJ's determination.

The medical findings also support the ALJ's conclusion that Eichelberger retains the residual functional capacity to perform his past work. Dr. Fox reported that Eichelberger had no physical limitations and was subject to no environmental restrictions. Dr. Gill reported that Eichelberger had essentially the normal range of motion in his neck and extremities.

Eichelberger also contends that the ALJ should have considered his subjective symptoms in determining the extent that his work capability is diminished. He maintains that the trier of fact was required to make credibility determinations and to provide reasons for the findings.

The evaluation of a claimant's subjective symptoms is within the province of the ALJ who had an opportunity to observe the claimant. Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988). The ALJ considered Eichelberger's subjective complaints and made credibility determinations regarding Eichelberger's testimony. The ALJ accepted as credible Eichelberger's contentions that he is a

diabetic, has gout, and has right shoulder pain. The ALJ did not accept as credible Eichelberger's testimony that he is unable to walk, that he can hardly move at times due to pain in his legs, that he has only limited ability to sit, that he has trouble breathing, and that his has trouble using his hands because the objective medical findings and the doctors' observations did not support these complaints. The ALJ also did not accept as credible Eichelberger's contention that he cannot control his hypertension because one physician reported that Eichelberger did not take his medication. Although the ALJ did not accept all of Eichelberger's subjective complaints as true, the ALJ did provide reasons supported by medical findings to substantiate his credibility determinations.

Eichelberger argues that the ALJ asked the vocational expert "improper questions," yet he does not explain what questions were improper. A determination of nondisability will stand if the hypothetical questions posed to the expert incorporated reasonably all the claimant's disabilities as determined by the ALJ and the claimant or his representative is allowed to correct deficiencies in the hypothetical question. Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). The hypothetical questions reasonably incorporated Eichelberger's complaints that were accepted as credible by the ALJ. Counsel represented Eichelberger and did not object to the hypothetical questions posed nor ask additional questions.

The ALJ is responsible for assessing the medical evidence and determining a claimant's residual functional capacity. 20 C.F.R. §§ 404.1546, 416.946 (1993). The ALJ determined that Eichelberger retained the capacity to perform work requiring medium physical exertion. The ALJ's decision was supported by substantial evidence.

**The Grid**

Eichelberger contends that the ALJ improperly used the Table of Listings to determine that he was not disabled and that testimony from a vocational expert was required.

An ALJ may rely upon the Medical-Vocational Guidelines (the Grid) when determining whether the claimant is disabled at Step 5 of the analysis. See 20 C.F.R. pt. 404, subpt. P, app. 2 (1994); see Scott v. Shalala, 30 F.3d 33, 34 (5th Cir. 1994); Fraga v. Bowen, 810 F.2d 1296, 1304

5

(5th Cir. 1987). If reliance upon the Grid is proper, testimony from a vocational expert is unnecessary. See Fraga, 810 F.2d at 1304-05.

The ALJ determined that Eichelberger could return to his past relevant work. Thus, the ALJ determined that Eichelberger was not disabled at Step 4. See Muse, 925 F.2d at 789. The ALJ did not proceed to Step 5 in the sequential analysis and thus did not refer to the Grid in making his decision. See Crouchet, 885 F.2d at 204, 206 (A finding that a claimant is not disabled at any point terminates the sequential evaluation). Furthermore, the ALJ obtained the testimony of a vocational expert to provide additional evidence that Eichelberger could perform his past relevant work. Eichelberger's contentions of error are without factual basis and are thus frivolous.

**Pain Testimony**

Eichelberger claims the ALJ erred in failing to find his subjective pain testimony credible, especially when pain alone can be disabling. Pain is a disabling condition only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." Selders, 914 F.2d at 618-19. Subjective evidence need not be given precedence over objective evidence. Villa, 895 F.2d at 1024.

The ALJ determined that the medical evidence did not support Eichelberger's subjective complaints. Eichelberger's testimony indicated that his pain is not constant or unremitting. Thus, while Eichelberger may have some pain, it is not of disabling severity. See Hollis v. Bowen, 837 F.2d 1378, 1384 (5th Cir. 1988).

AFFIRMED.