IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 99-50868
Summary Calendar

———————————

ANDREA PEREZ,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-785-AA

———————————————————————————

April 19, 2000

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Andrea Perez appeals the district court's affirmance of the denial of her

application for supplemental security income. She contends that the administrative law

judge failed to address adequately her complaints of pain. The ALJ considered Perez's

subjective complaints of pain and then determined that the objective medical evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was inconsistent with those subjective complaints.[2] It was within the ALJ's discretion to discount Perez's complaints of pain based on her daily activities considered in combination with her medical records.[3]

Perez maintains that the ALJ failed to consider her additional problems, individually and the combination thereof, which affect her ability to work, including her mental limitations, arthritis, anxiety, neurosis, depression, and restrictions on bending and stooping. The record reflects that the ALJ considered all of the evidence presented at the administrative hearing as well as all of Perez's medical records and subjective complaints. The ALJ determined that her mental impairment was not severe and that although her degenerative disc disease and urinary tract infection were, these impairments did not limit her ability to perform light, unskilled work. These findings are supported by substantial evidence.[4]

Perez also submits that the Commissioner failed to prove that there were jobs in significant numbers in the national economy that she could perform. The vocational expert testified that a person with Perez's age, education, and work experience could perform alternative jobs with a light exertional level which existed in significant numbers in the national economy, including assembly worker, cafeteria worker, bus person, counter attendant, general office helper, and laundry worker; the vocational expert also testified that she could perform the job of an order filler with a sedentary

[2]Hollis v. Bowen, 837 F.2d 1378 (5th Cir. 1988).

[3]Griego v. Sullivan, 940 F.2d 942 (5th Cir. 1991).

[4]Anthony v. Sullivan, 954 F.2d 289 (5th Cir. 1992).

2

exertional level. Although the vocational expert testified that a hypothetical person who could not understand verbal and written instructions could not perform the above jobs, the ALJ determined that Perez was capable of understanding and following both verbal and written instructions. Perez offered no evidence that she could not perform the work identified by the vocational expert.[5]

Perez also contends that the ALJ erred in determining that a second psychiatric evaluation was not necessary. The administrative record contained no medical evidence which conflicted with the first psychiatric evaluation. Accordingly, the ALJ did not err in determining that a second psychiatric evaluation was not necessary in order for him to reach his decision.[6]

AFFIRMED.

---

[5]Selders v. Sullivan, 914 F.2d 614 (5th Cir. 1990).

[6]Pierre v. Sullivan, 884 F.2d 799 (5th Cir. 1989).