**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-11178**
**Summary Calendar**

_____

**EDWIN H. FERRELL,**

**Plaintiff-Appellant,**

**versus**

**KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,**
**Commissioner of the Social Security Administration of the**
**United States of America,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(2:98-CV-147)**

_____

July 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Edwin H. Ferrell appeals the judgment affirming the denial of social security disability benefits, claiming substantial evidence does _not_ support the Administrative Law Judge's determination there were a significant number of jobs in the national economy which he could have performed.

The medical evidence established that Ferrell suffered from heart and possible circulatory problems, but _no_ treating physicians placed any limitations on his ability to work prior to the expiration of his insured status. Further, Ferrell testified at

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the administrative hearing that he is able to drive, walk, push, pull, bend, lift, and sit and stand for short periods, as well as work at his church and a local hospice. Although he also complained of disabling pain, the ALJ was within his discretion to discredit such subjective complaints. *See **Griego v. Sullivan***, 940 F.2d 942, 945 (5th Cir. 1991). A vocational expert testified that a person of Ferrell's age, education, work history, and work experience could perform light, semi-skilled jobs with a sedentary exertional level and a sit/stand option. Furthermore, such jobs existed in significant numbers in the national economy. Examples include information clerk and production scheduler.

Because the administrative record does *not* contain any medical evidence indicating that Ferrell was unable to perform light, semi-skilled, sedentary work with a sit/stand option, and because *no* physician determined that Ferrell was unable to perform any work activity, Ferrell failed to meet his burden of proving he could *not* perform the work identified by the vocational expert. *See **Selders v. Sullivan***, 914 F.2d 614, 618 (5th Cir. 1990). The vocational expert's unrebutted testimony provided the requisite substantial evidence to support the ALJ's determination that employment existed for Ferrel. *See **Bowling v. Shalala***, 36 F.3d 431, 434 (5th Cir. 1994).

*AFFIRMED*