IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30914
Summary Calendar

_____

BOBBY R. DEMARS,

Plaintiff-Appellant,

versus

WILLIAM A. HALTER,
Acting Commissioner of Social Security,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1137
- - - - - - - - - -
March 13, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Bobby R. Demars appeals the district court's judgment affirming the Commissioner's decision denying his request for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. § 405. We review the Commissioner's decision to determine whether it is supported by substantial evidence in the record and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Demars argues that (1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the administrative law judge (ALJ) failed to consider all of his impairments and that the evidence supports a finding that he met or equaled Listings 1.05(C), 1.03(A), and 12.04; (2) the ALJ should have consulted with a medical expert when assessing Demars' disability; and (3) the ALJ should have consulted with a vocational expert when assessing Demars' disability.

Dr. Edwin Simonton examined Demars and concluded that there were no objective findings of impairment regarding his back condition and that he is able to perform any activity for which he is otherwise qualified. Thus, the ALJ's conclusion that Demars does not have an impairment resulting from his back condition is supported by substantial evidence. The issue whether Demars met or equaled the criteria for depression or arthritis at Listings 1.03(A) and 12.04 was not raised in the district court. As such, this court need not consider the issue. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341-42 (5th Cir. 1999)(explaining that this court will not allow a party to raise an issue for the first time on appeal merely because it might prevail on a different theory), *cert. denied*, 120 S. Ct. 982 (2000).

Because Dr. Simonton unequivocally found no impairment and opined that Demars was capable of performing any activity, there was no need to appoint a medical expert. *Cf. Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990)(relying upon a nonexamining physician is appropriate only if nonexamining physician's conclusions are not contrary to examining physician's opinion). Likewise, the ALJ properly relied on the guidelines

and was not required to appoint a vocational expert because the ALJ found no significant nonexertional limitations. *See Selders v. Sullivan*, 914 F.2d 614, 618-19 (5th Cir. 1990). Demars has not demonstrated that he is entitled to a remand for consideration of his alleged nonexertional impairments. *See Leggett v. Chater*, 67 F.3d 558, 566-67 (5th Cir. 1995).

The ALJ's decision to deny benefits was supported by substantial evidence and the ALJ applied the proper legal standards in evaluating the evidence. Accordingly, the district court's judgment is AFFIRMED.