IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30670
Summary Calendar

_____

JANET WILLIAMS,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
No. 00-CV-830-N
- - - - - - - - - - -

January 11, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges:

PER CURIAM:[*]

     Janet Williams appeals the district court's affirmance of the
Commissioner's decision to deny Williams's application for social
security disability insurance benefits.  Williams argues that
(1) the administrative law judge ("ALJ") should have considered the
treating physician's opinion under the six factors set forth in
*Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000), and should have
requested supplemental information from the treating physician;

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(2) the ALJ did not consider whether Williams could maintain employment; and (3) the ALJ did not give proper consideration to the side effects of Williams's pain medication.

Williams argues that the ALJ failed to give proper consideration to the opinion of her treating physician, Joseph Rauchwerk. The ALJ gave a detailed account of Rauchwerk's treatment of Williams. The ALJ was not required to give a more detailed analysis under *Newton*, because there was medical evidence from two examining specialists that controverted the opinion of the treating physician. *See Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001); *Newton*, 209 F.3d at 453. Williams has not demonstrated that the ALJ was required to request supplemental information from the treating physician, because she has not demonstrated that supplementation would have led to a different decision. *See Newton*, 209 F.3d at 458 (holding that reversal appropriate only if applicant shows prejudice).

Williams argues that the ALJ should have considered not only her ability to obtain employment, but also her ability to *maintain* employment as required by *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986)(medical evidence demonstrated that claimant suffered from various mental disorders that prevented him from holding a job). Even if it is presumed that *Singletary* applies to disabilities other than mental impairments, Williams has not offered medical evidence that her condition would prevent her from maintaining employment or functioning in the employment context. *See Single-*

*tary*, 798 F.2d at 822 (inability to continue working must be supported by medical evidence).

Williams contends that the ALJ failed to give proper consideration to the side effects of Williams's pain medication. As reflected in the decision denying benefits, the ALJ considered Williams's testimony regarding the side effects but found her subjective complaints to be credible only to the extent reflected in the residual functional capacity. *See Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999). The ALJ's credibility determination is accorded great deference. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). Williams has failed to produce objective medical evidence to support her subjective complaints regarding the side effects of her pain medication. *See Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992); *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

AFFIRMED.