UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10638
SUMMARY CALENDAR

_____

GARY L. GARRISON

Plaintiff - Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

_____

On Appeal from the United States District Court for the
Northern District of Texas, Amarillo Division
(2:99-CV-58)

_____

January 23, 2003

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review a district court's decision affirming the Commissioner of the

Social Security Administration's denial of claims brought by Plaintiff-Appellant Gary L. Garrison

for disability benefits under Title II and Title XVI of the Social Security Act. For the following

reasons, we affirm the district court's judgement.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

I.

FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 1994, Gary L. Garrison applied for disability insurance benefits and supplemental security income benefits pursuant to Title II and Title XVI of the Social Security Act. In support of his claims, Garrison alleged that he had a disability related to osteoarthritis of the right hip, which, according to Garrison, forced him to cease working on April 14, 1994.

Garrison's claims were initially denied on October 5, 1994, when the Administration determined that, according to the relevant regulations, he was not considered disabled. Upon reconsideration, the Regional Commissioner for the Social Security Administration again denied Garrison's claims. On January 3, 1995, Garrison requested a hearing before an administrative law judge, which was held on February 13, 1996. On April 5, 1996, the administrative law judge issued a decision finding that Garrison was disabled due to alcohol abuse and "aseptic necrosis of the right femoral head necessitating right hip replacement."[2]

On March 29, 1996, the Contract with America Advancement Act of 1996 was passed by Congress. The passage of the Act was of particular significance to Garrison's case because it altered the definition of disability so as to exclude alcoholism as a basis for receiving benefits. Accordingly, a notice dated May 6, 1996 was issued by the administrative law judge vacating the prior favorable disability finding.

A supplemental hearing was held on November 18, 1996, which resulted in the

---

[2] "Aseptic necrosis" involves "Pathogenic death of . . . a portion of tissue or organ, resulting from irreversible damage . . . occurring in the absence of infection." STEADMAN'S MEDICAL DICTIONARY, 1185 (27th ed. 2000). The "femoral head" is defined as "the hemispheric articular surface at the upper extremity of the thigh bone." *Id.* at 788.

administrative law judge finding that the plaintiff was not entitled to any disability benefits at any time through the date of the decision. In reaching that decision, the administrative law judge found that, absent the use of alcohol, Garrison was capable of performing light and sedentary work. The Appeals Council denied Garrison's request for review on December 10, 1998.

On February 16, 1999, Garrison filed a complaint in federal district court, requesting review of the Commissioner's decision. The magistrate judge assigned to the case recommended that the decision be affirmed. The district court overruled Garrison's objections, adopted the findings of the magistrate judge, and entered judgement affirming the Commissioner's decision. Garrison then filed timely notice of this appeal.

II.

STANDARD OF REVIEW

Our review of the Commissioner's decisions involving the denial of benefits is limited to determining (1) whether there is substantial evidence in the record to support her decision and (2) whether the appropriate legal standards were applied in evaluating the evidence. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. This Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgement for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)(citing *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown*, 192 F.3d at 496 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). What we strive for is judicial

review that is deferential without being so obsequious as to be meaningless. *Brown*, 192 F.3d at 496 (citing *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

III.

BURDEN OF PROOF

In order to be considered disabled, the claimant bears the burden of showing that he is "unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Brown*, 192 F.3d at 497 (quoting 42 U.S.C. § 423(d)(1)(A)). To determine whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner has promulgated regulations that establish a five-step sequential analysis, which asks:

> 1) whether the claimant is presently engaging in substantial gainful activity, 2) whether the claimant has a severe impairment, 3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the regulations, 4) whether the impairment prevents the claimant from doing past relevant work, and 5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Id.* at 498 (citing *Leggett v. Chater*, 67 F.3d 558, 564 n.2 (5th Cir. 1995); 20 C.F.R. § 416.920(b)-(f)). The claimant bears the burden of proof as to the first four steps of the inquiry. *Id*. Additionally, the claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [his] disability." *Id*. "Drug or alcohol abuse is material to a disability if the ALJ would not 'find [the claimant] disabled if [the claimant] stopped using drugs or alcohol.'" *Id.* at 499 (quoting 20 C.F.R. § 416.935(b)(1)).

IV.

CONTRACT WITH AMERICA ADVANCEMENT ACT

We first address Garrison's arguments related to the applicability of the Contract with America Advancement Act of 1996 ("CAAA"). Garrison argues that the administrative law judge erred in giving the CAAA retroactive effect, so as to deny him benefits which had already accrued –or rightly should have accrued– before the effective date of the Act. The CAAA amended 42 U.S.C § 1382c(a)(3)(J), which now states:

> An individual shall not be considered disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

This Court has previously determined that the above provision is retroactively applicable to cases that were pending at the time of its enactment on March 29, 1996. *See Brown*, 192 F.2d at 496-97. We have also held that retroactive application of the CAAA to cases pending on the Act's enactment date does not violate the Fifth Amendment's Due Process Clause. *See id*. In the case at hand, the administrative law judge did not find Garrison to be disabled due to his alcoholism until after the CAAA's enactment date. Therefore, the case was pending on the enactment date and the Commissioner did not err by applying the CAAA to Garrison's claims.

## V.

## LISTED IMPAIRMENT

On appeal, Appellant argues that the medical evidence establishes that he has a listed impairment, independent of any alleged alcoholism, and that therefore he is entitled to benefits under the Social Security Act. He further submits that the record does not suggest alcoholism was a significant factor in his disability and thus does not disqualify him from receiving benefits. The Commissioner counters that Garrison's condition did not meet the criteria for disability as listed in

the Code of Federal Regulations.

The listed impairment Garrison claims he suffers from is described in the Code of Federal

Regulations as follows:

> 1.03 *Arthritis of a major weight-bearing joint (due to any cause)*:
> With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With:
>
>> A. Gross anatomical deformity of hip or knee (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or
>>
>> B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App.1 § 1.03.

According to Appellant, "there is nothing in the record to contradict the Claimant's

showing of a listed impairment." Despite this assertion, we find that the record does support the

administrative law judge's conclusion that Garrison's condition did not meet the criteria of

Listing 1.03.

In regards to Subpart A, there is evidence suggesting that Garrison may have suffered

from a gross anatomical deformity of the hip. A doctor examining Garrison on November 9,

1994 noted that X-rays showed "advanced erosion of the articular surfaces of the . . . femoral

head." The doctor further noted that "the joint space has disappeared." The doctor also observed,

however, that on the date of the examination, Garrison's gait was normal, and that he was

capable of walking a mile slowly. Furthermore, according to the doctor, Garrison could sit for an

hour and stand for 30 minutes. This would suggest that, while Garrison may have suffered from a

gross anatomical deformity, it did not markedly limit his ability to walk and stand, as required under Subpart A of Listing 1.03.

Garrison also argues that he meets the requirements found in Subpart B of Listing 1.03. In March of 1995, Garrison underwent successful hip-replacement surgery. However, under Subpart B, Garrison is not only required to show that reconstructive surgery took place, but is also required to show that he did not return to full weight-bearing status within 12 months. The record indicates that, approximately 3 weeks after his hip was replaced, Garrison fell and dislocated the femoral component of his prosthesis. The dislocation was reduced and Garrison was discharged from the hospital after several days. However, there is no medical evidence to support any significant problems with Appellant's hip subsequent to his fall –which occurred well before the 12 month period had concluded– and though Garrison sought treatment for other ailments, he did not seek any treatment based upon any inability of his hip to bear full weight.

Appellant points to the testimony he provided in February of 1996, when he stated that "it seems like [the hip] is getting worse." Given that the burden is on the plaintiff –at step three of the analysis described above– to show a listed impairment, more than the mere assertion that his hip condition had worsened is required to establish that it did not return to full weight-bearing status within 12 months. Furthermore, as of November of 1996, Garrison stated that he was able to walk a couple of blocks, and attributed his inability to walk farther to breathing problems, and not to his hip. Lastly, we note that a medical expert testified that Garrison's condition did not satisfy the criteria of Listing 1.03.

Given our limited role in reviewing decisions of this nature, we find that the record contains substantial evidence supporting the administrative law judge's conclusion that

Garrison's condition did not meet the criteria of Listing 1.03. It is therefore unnecessary to address Garrison's argument that alcoholism did not contribute to his disability.

## VI.

## CONCLUSION

For the foregoing reasons the judgment of the district court is AFFIRMED.