IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50554
Summary Calendar

_____


GARY D. SMITH,

                              Plaintiff-Appellant,

        versus


JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-197-NG
_____
February 26, 2003


Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

        Gary D. Smith appeals the denial of his application for Social
Security disability benefits alleging that he was disabled because
of severe gastroenteritis, hearing loss, impinged shoulders, sinus
bradycardia, hypertension, leukocytoclatic vasculitis, vertigo, bad
back, granuloma, contact dermatitis, degenerative joint disease of

---

        [*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the feet, toes, ankles, knees, hips, lower back, upper back, neck, shoulders, elbows, wrists, hands and fingers, bad feet, allergic rhinitis, hay fever, sinusitis, a depressive disorder, obsessive-compulsive disorder, breathing difficulties, and fibromyalgia. Smith argues that the "district court" failed to consider what effect his combined mental and physical impairments had on his ability to engage in substantial gainful employment. In particular, he complains that the ALJ did not find that his alleged fibromyalgia and/or his mental condition were disabling. He also contends that the district court erred in finding that his impairments did not meet or equal the listing of impairments and in finding that the ALJ did not fail to fully develop the medical evidence.

Although the record contains a diagnosis of fibromyalgia in June 1982, some nine years before Smith retired from the Army, there was no evidence that this condition was disabling. After his retirement (not shown to be for disability), Smith was able to handle his own affairs and kept busy with various activities despite being unemployed. The assessment of fibromyalgia presented to the Appeals Council was made more than two years after the date Smith was last insured for disability benefits and is therefore irrelevant. *Torres v. Shalala*, 48 F.3d 887, 894 n.12 (5th Cir. 1995).

The ALJ noted Smith's allegation that a mental impairment

2

relative to depression and obsessive-compulsive disorder limited his ability to perform basic work activities.  He also noted, however, that Smith had never sought treatment for complaints of any emotional or mental symptoms and that he told a psychiatrist that he was experiencing some psychiatric symptoms but overall had adapted well to civilian life and was not under any psychiatric care.  He noted that a mental status evaluation described Smith as within normal limits.  The ALJ noted that Dr. Rodriguez-Chevres, a psychiatrist, had diagnosed the possible presence of obsessive-compulsive disorder, and cyclothymic disorder or bipolar mood disorder, but had concluded that any psychiatric condition that might be present did not significantly limit Smith's social or industrial adaptability.  Finally, the ALJ noted Dr. Rodriguez-Chevres' conclusion that Smith was competent to handle his own affairs.

The ALL's reasons for finding lack of disability were considerable.  The greatest evidence of disability came from Smith himself, whose testimony the ALJ found not entirely credible.  The ALJ noted that there was a significant disparity between Smith's reported symptoms and the objective findings regarding his overall condition.  *Id*.  To the extent Smith's allegations conflicted with the medical evidence, the resolution of that conflict was within the province of the ALJ.  *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *Seders v. Sullivan*, 914 F.2d 614, 617 (5th

3

Cir. 1990). The ALL's findings regarding impairment severity were reasonable and supported by substantial evidence. Moreover, there was sufficient evidence upon which the ALJ could determine disability such that additional evidence was not necessary.

AFFIRMED.