**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 22, 2003**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

02-11248
Summary Calendar

CARLOS DIAZ,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(2:99-CV-136)

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

This social security appeal presents the question whether substantial evidence supports the Commissioner's final decision denying Plaintiff disability benefits. Finding substantial evidence to support the finding of no disability, we affirm.

Plaintiff was injured while working as an industrial mechanic.

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Administrative Law Judge found the claimant was unable to perform the kind of work he had customarily performed before the onset of his disability. The Commissioner thereupon bore the burden of showing that the claimant's age, education, work history, and functional capacity permit a successful adaptation to a significant number of other jobs existing in the national economy. Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).

The Administrative Law Judge found that plaintiff has the residual functional capacity to perform sedentary work. Because a vocational expert identified two sedentary jobs the claimant could perform considering his age, education, and experience, the Administrative Law Judge concluded that the claimant was not disabled at step five of the sequential evaluation process. See 20 C.F.R. § 404.1520(b-f).

Plaintiff identifies two issues in this appeal: first, whether the Commissioner carried her burden of showing a significant number of jobs the claimant could perform consistent with his age, education and experience; and second, whether jobs which require additional training can properly be considered jobs which the claimant can perform.

We review the record to determine whether substantial evidence supports the findings and whether any errors of law were made. Anderson v. Sullivan, 887 F.2d 630, 633 (5th Cir. 1989); 42 U.S.C. § 405(g).

The vocational expert testified that a person of the

2

claimant's age, education, experience, and functional capacity could work as an information clerk (e.g., answering questions in a retail establishment or hotel about merchandise or services) or an identification clerk (e.g., compiling personal data about personnel, preparing identification cards). Further, the expert noted that there are hundreds of thousands of such jobs nationally. This testimony constitutes "substantial evidence" to support the Administrative Law Judge's finding that other substantial gainful employment was available.

Plaintiff next argues that both the jobs identified require additional education and experience and cannot therefore constitute jobs existing in significant numbers that he can presently perform. The expert considered the plaintiff's education and experience, however, before identifying the two jobs. Tr. 57. Once the Secretary pointed out potential alternative employment, the burden then shifted to the claimant to prove that he is unable to perform the alternate work. Selders, 914 F.2d at 618; Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989).

Plaintiff failed to produce evidence that he is incapable of performing the jobs identified by the vocational expert. The only record reference plaintiff offers to support his claim of intellectual deficiency is the ambiguity about whether the statement that he "[went] back to school to get a GED" meant that he actually received a GED or simply tried to get a GED. Regardless whether he attained his goal, we note that the

3

Administrative Law Judge's opinion was based on the premise that plaintiff completed only eleventh grade and his education was "limited." Tr. 20. "Limited education" generally means 7th through the 11th grade and not high school graduate or equivalent. See 20 C.F.R. § 404.1564(b)3). Plaintiff did not cross-examine or challenge the vocational expert on the testimony that plaintiff could perform either of the jobs. Accordingly, the testimony of the vocational expert provides a sufficient evidentiary basis to support the finding of no disability.

AFFIRMED.