**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30612
Summary Calendar

_____

VICKIE GUILLORY,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-00775-PM-APW
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Vickie Rene Guillory appeals the district court's judgment
affirming the denial by the Commissioner of Social Security of
her application for disability insurance benefits. The
Commissioner uses a sequential five-step test to determine
whether a claimant qualifies as disabled for purposes of
obtaining disability insurance benefits. See Leggett v. Chater,
67 F.3d 558, 563 (5th Cir. 1995). In this five-step inquiry, the
Commissioner considers: (1) whether the claimant is currently

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the Social Security regulations; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. Id. at 563 n.2; see also 20 C.F.R. § 404.1520. The claimant bears the burden of proving disability for the first four steps, and the Commissioner bears the requisite burden in the fifth step. See Leggett, 67 F.3d at 564 & n.11. The Commissioner's decision is given great deference on review and will not be disturbed unless substantial evidence does not exist in the record to support this determination, or an error of law was made. See id. at 564.

Guillory argues that the Administrative Law Judge (ALJ) erred in relying solely upon the Medical-Vocational Guidelines (Grid Rules) to find that she was not disabled. Guillory argues that the ALJ's finding that her nonexertional impairments, in conjunction with her physical impairments, were severe at Step Two precluded the ALJ from finding that they were insignificant at Step Five. Contrary to Guillory's argument, the mere presence of a nonexertional impairment does not preclude use of the Grid Rules. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). If those impairments do not have a significant effect on her residual functional capacity, use of the Grid Rules is

appropriate.  <u>Id.</u>  The ALJ found that Guillory's listed nonexertional impairments did not significantly affect her ability to perform the base of jobs she was otherwise capable of performing given her age education and exertional limitations. Guillory has not shown that this finding is not supported by substantial evidence.  Thus, the ALJ was entitled to rely exclusively on the Medical-Vocational Guidelines - the Grid Rules.  <u>Selders v. Sullivan</u>, 914 F.2d 614, 618 (5th Cir. 1990).

As a result of the foregoing, the Commissioner's decision to deny benefits is supported by substantial evidence.  Accordingly, the district court's judgment is AFFIRMED.