United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-51079

Summary Calendar

Porfirio Guzman
                                        Plaintiff-Appellant,

versus

Jo Anne B. Barnhart, Commissioner of Social Security,
                                        Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(03-CV-169)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Porfiro S. Guzman appeals an order of the United States
District Court for the Western District of Texas affirming the
final decision of the Commissioner of Social Security Benefits, Jo
Anne B. Barnhart, that Guzman was not entitled to disability
benefits under Title II of the Social Security Act.  Finding the
Commissioner's decision supported by substantial evidence, we
affirm.

---

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Porfiro S. Guzman filed for disability insurance benefits under Title II of the Social Security Act on July 11, 2002, alleging disability due to back pain, knee pain, and diabetes. At the time of his hearing, Guzman was 47-years old. Although he only attended school through the third grade, he is English literate and is able to speak conversational English. Guzman worked as a forklift operator for 24 years at a rubber plan in Odessa, Texas until the plant closed in May 2002. Because he worked successfully at the same job for over 24 years, the ALJ described him as an "ideal employee."

A hearing was held on April 15, 2003 in front of an administrative law judge ("ALJ"). After Guzman testified to the above facts, the ALJ remarked that the case looked more like an unemployment case than a disability case. The ALJ then requested that Guzman undergo a consultative evaluation, which he did. Dr. Pandya found that Guzman's knee and back pain forced him to retire. In addition, Dr. Padya found that Guzman was unable to lift weight or stay in one position. Dr. Pandya's handwritten notes indicate that Guzman "can sit in one place for upto 2 hours." On the assessment form, Dr. Pandya checked a box indicating that Guzman can sit "less than 6 hours in an 8 hour workday."

Subsequently, the ALJ sent a letter and Dr. Padya's assessment to Guzman and his nonlawyer representative. The letter stated that

Guzman could submit additional statements, records, law, or written questions, as well as request a supplemental hearing. The letter indicated that if the ALJ did not receive a response within ten days of the date Guzman received notice, the ALJ would assume that Guzman did not wish to submit additional materials or request a supplemental hearing. Guzman did not submit a response to the ALJ's letter.

On August 20, 2003, the ALJ found that Guzman was not disabled within the meaning of the Social Security Act. The ALJ concluded that Guzman was not entitled to disability insurance benefits. Guzman's timely appeal to the Appeals Council was denied, and he subsequently petitioned for judicial review. The magistrate judge held that the ALJ followed the proper legal standards and used legally sufficient evidence in the record to support his finding that Guzman retained the ability to perform a full range of sedentary work. Guzman timely appealed to this Court. We have jurisdiction under 28 U.S.C. § 1291.

## II

Our review of the Commissioner's denial of disability benefits is limited to determining whether there is substantial evidence in the record to support the decision and whether proper legal standard were used in evaluating the evidence.[1] Substantial evidence is more than a scintilla, but less than a preponderance,

---

[1]*See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

and is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion.[2] We do not reweigh the evidence; rather, we only scrutinize the entire record to determine whether it contains substantial evidence to support the Commissioner's decision.[3] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.[4] Conflicts in the evidence are for the Commission, and not this Court, to resolve.[5]

An individual is disabled if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[6] At step five of the evaluation process, the Commissioner's burden may be satisfied by the use of the Medical-Vocational Guidelines if there are no nonexertional limitations that significantly affect the claimant's residual functional capacity.[7] The term "residual functional capacity" is defined as the claimant's maximum remaining

---

[2]*Richardson*, 402 U.S. at 401.

[3]*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[4]*See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

[5]*See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

[6]42 U.S.C. § 423(d)(1)(A).

[7]*See Selders*, 914 F.2d at 618; *Fraga v. Bowen*, 810 F.2d 1296, 1304-05 (5th Cir. 1987).

4

ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis."[8]

Guzman contends that the record does not contain substantial evidence that he can do a full range of sedentary work. Although we note some inconsistencies in the record, we conclude that the ALJ's decision is supported by substantial evidence. Although sedentary work "involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."[9] The Social Security Administration further elaborated,

> In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded.[10]

Here, there is evidence in the record that Guzman could sit for two hours at a time and for a total of six hours in a work day. First, Dr. Naidu, Guzman's treating physician, indicated that Guzman could sit for two-to-three hours before his legs went numb. Second, Dr. Pandya's notes from the consultative examination ordered by the ALJ indicate that Guzman can sit for up to two hours at a time. Third,

---

[8]20 C.F.R. § 404.1545(b), (c) (2004).

[9]20 C.F.R. § 404.1567(a) (2004).

[10]Social Security Ruling 96-9p, 1996 WL 374185, at *6 (July 2, 1996).

although Guzman complained of greater pain, Dr. Pandya indicated that Guzman "does not appear to be in . . . as much [pain] as he alleges." Finally, Dr. Pandya checked a box indicating that Guzman can sit for less than six hours in an eight-hour day. Although this somewhat contradicts the handwritten notes on Dr. Pandya's assessment form, it is for the ALJ, not this Court, to resolve such inconsistencies.[11] Based on the substantial evidence supporting a finding that Guzman could perform a full range of sedentary work, the ALJ resolved the inconsistency in favor of the Commissioner, and neither the record nor the law requires reversal.

## III

For the foregoing reasons, the Commissioner's final decision denying Guzman's claim for benefits under the Social Security Act is AFFIRMED.

---

[11] *Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000).