Joseph JOHNSON, Plaintiff–Appellant,

v.

Dr. Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 89–3303

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1990.

Gordon Hackman, Boutte, La., for plaintiff-appellant.

John Volz, U.S. Atty., Gregory C. Weiss, Asst. U.S. Atty., New Orleans, La., Rodney A. Johnson, Asst. Reg. Cnsl., Office of Gen. Cnsl. U.S. Dept. of H.H.S., Dallas, Tex., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Joseph Johnson appeals the district court's order denying his claim for disability benefits under 42 U.S.C. § 423. We affirm.

## I

Johnson filed his application for Title II social security benefits on February 22, 1985, alleging disability since August 15, 1978, resulting from a back injury sustained in a car accident.[1] The Social Security Administration denied Johnson's application. On July 29, 1986, an administrative law judge (ALJ) held that the appellant was not disabled within the meaning of the Social Security Act. On January 5, 1987, the Appeals Council declined to review the ALJ's decision.

Having exhausted his administrative remedies, Johnson filed a complaint in district court on February 25, 1988. Upon the magistrate's recommendation that the Secretary's motion for summary judgment be granted, the district court entered judgment in favor of the Secretary on February 27, 1989. Johnson appeals.

## II

Johnson presents four arguments on appeal: first, the Secretary's decision denying him disability is not supported by "substantial evidence"; second, because he suffered from such alleged nonexertional impairments as pain and low intelligence, the Secretary erred by applying the Medical–Vocational Guidelines to conclude that he was not disabled; third, the Secretary erred by not crediting a decision of another governmental agency that awarded him workmen's compensation for his injury; and, finally, the Secretary erred by not granting his attorney a requested continuance.

The Social Security Act defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Regulations set forth by the Secretary prescribe that disability claims should be evaluated according to a sequential five-step process. 20 C.F.R. § 404.1520 (1986). Step five of that process is at issue in this case. Under step five, where a claimant is unable to perform work done in the past because of severe impairments, the Secretary will consider the claimant's functional capacity, age, education, and past work experience to determine if he or she can do other work. Section 404.1520(f)(1).

After reviewing the medical evidence in this case, the ALJ concluded that, although Johnson suffered a severe impairment as a result of his back injury, he was capable of performing light work.[2] Pursuant to the Social Security Administration's regulations, the ALJ then applied the Medical–Vocational Guidelines. Under rules 202.10 and 202.11 of the guidelines, a claimant with Johnson's profile (fifty years of age at the time he filed his claim, ninth-grade education, and unskilled or semiskilled but with nontransferable skills), who is capable of performing light work is to be adjudged

---

1. Johnson previously filed applications for Title II benefits on October 18, 1979, July 18, 1980, May 1, 1981, March 22, 1982, and August 21, 1984. All were denied by the Social Security Administration. Johnson did not seek further administrative or judicial review of these actions.

2. Section 404.1567(b) defines "light work" as "work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."

not disabled. *See* 20 C.F.R., Part 404, Subpart P, App. 2, Table No. 2, Rules 202.10 and 202.11.

 We hold that there is substantial evidence in the record to support the Secretary's determination that the appellant was not disabled as of December 31, 1983, when his insured status expired. The medical evidence upon which the ALJ relied reveals that at no time after the automobile accident that allegedly caused Johnson's back injury was Johnson prevented from performing light work. In his report to the insurance company seven days after the accident, Johnson's treating physician noted that x-rays of the spine showed it to be normal. On November 28, 1978, this physician reported that Johnson had a normal lumbar-cervical myelogram that revealed no herniation of a disc, and he discharged Johnson as an outpatient.

On April 25, 1979, the physician reported that an orthopedist, to whom Johnson had been referred, recommended that Johnson return to his work as a diesel mechanic, but not lift more than twenty pounds. On June 11, 1979, the orthopedist diagnosed Johnson's ailment as an acute lumbosacral sprain, but stated that he hoped Johnson could return to work within two weeks. Throughout the remainder of 1979, both the treating physician and orthopedist prescribed pain killers to treat Johnson's condition. The orthopedist also repeatedly advised that Johnson be evaluated at a pain clinic, although he did not suggest that Johnson refrain from any type of work.

Johnson's ability to perform light work was made abundantly clear in films of him taken by his employer's insurance company in May 1980, and evaluated by his orthopedist in April 1981. Based on his observation of Johnson in these films—lifting a child, pushing a lawn mower and placing it in the back of a pickup truck, and lifting a cane cutter—and a subsequent film of the claimant on August 20, 1980, the orthopedist concluded on June 2, 1981, that Johnson was not disabled and was capable of returning to his former job.

The orthopedist nevertheless continued to treat Johnson throughout the remainder of 1981. Although he diagnosed Johnson as suffering from a degenerative disc disease, he concluded that when Johnson took the prescribed painkilling medicine, he was able to function well.

In May 1982, a second orthopedist examined Johnson and concluded that the patient had a "satisfactory range of motion in his lower back." No other medical diagnosis exists for Johnson from the period May 3, 1982 until the termination of his insured status. On March 5, 1984, his original orthopedist noted that he had dismissed Johnson on November 2, 1983 "with no disability being established."

We note that a third orthopedist, who examined Johnson on October 10, 1983, and reviewed x-rays of his spine on December 12, 1983, concluded that Johnson suffered from degenerative spondylosis of the lumbar spine. On April 17, 1984, this orthopedist stated that Johnson "remains too totally disabled to perform any form of work because he is still under consideration for surgical treatment of internal disruption of his L–5–S–1 disc." [3] Even if one may infer that this third orthopedist believed Johnson to be disabled from performing any work as of December 31, 1983, his diagnosis constitutes only part of the evidence the Secretary was required to, and did, weigh in determining whether Johnson was disabled. In view of the other evidence already recounted, we do not find that the Secretary's determination that Johnson was not disabled as of December 31, 1983, is unsupported by substantial evidence. [4]

We also reject Johnson's contention that the Secretary was precluded from applying the Medical–Vocational Guidelines

---

**3.** This orthopedist prescribed and later performed a surgical procedure on Johnson's back.

**4.** Even if Johnson were found to be disabled as of December 31, 1983, he would still not be entitled to recover benefits inasmuch as he failed to follow the treatment regimen pre-scribed by his physicians. *See* 20 C.F.R. § 404.1530(a), (b). Johnson's initial orthopedist concluded from the films he observed that the claimant was not wearing a prescribed back brace.

because of the existence of such nonexertional impairments as severe pain and low intelligence and was required to consult a vocational expert. We have held that pain can be a disabling condition under the Act only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir.1983)). Since Johnson's pain was alleviated by medication, the Secretary correctly found it not to be disabling.

Additionally, below-average intelligence alone does not constitute a nonexertional impairment. Although mental retardation does so qualify, *see* 20 C.F.R., Part 404, Subpart P, App. 2, Table No. 2, rule 201.05, a clinical psychologist who examined Johnson concluded that he is not mentally retarded. The Medical–Vocational Guidelines are therefore sufficient to meet the Secretary's burden of proof, and the testimony of a vocational expert was not required. *See Harrell*, 862 F.2d at 481.

■ Third, we reject Johnson's contention that the Secretary erred by not fully crediting the decision of the state agency that awarded him workmen's compensation. We have held that the Secretary is required to consider and accord "great weight" to a determination by the Veterans Administration that a claimant is disabled. *Underwood v. Bowen*, 828 F.2d 1081, 1083 (5th Cir.1987). Nevertheless, a disability finding by the VA or any other governmental or nongovernmental agency is not binding on the Secretary. *Id.; see* 20 C.F.R. 404.1504. The process by which the Secretary renders a disability determination is *sui generis*. To the extent he was so required, we find the Secretary properly considered the state workmen's compensation settlement in deciding that Johnson was not disabled.

■ Finally, we reject Johnson's contention that the Secretary erred by not granting his attorney a second continuance and, thereby, denied him effective assistance of counsel. Johnson's attorney had requested a second continuance because of "business of a personal nature." The Secretary denied his request, finding his reasons not sufficiently "weighty" to justify another postponement.

Under the administrative regulations, the Secretary will reschedule the time and place of a hearing only for "good cause" as defined in 20 C.F.R. § 404.936(b). 20 C.F.R. § 404.936(c) provides that the Secretary "will find good cause" where (1) the claimant or the claimant's representative is unable to attend the hearing "because of a serious physical or mental condition, incapacitating injury, or death in the family"; or (2) severe weather conditions make it impossible to travel to the hearing. Under 20 C.F.R. § 404.936(d), the Secretary may also find "good cause" in other circumstances, but may consider the "reason for the requested change, the facts supporting it, and the impact of the proposed change on the efficient administration of the hearing process." *Id.* In evaluating the impact of a proposed change on the hearing process, the Secretary may consider "whether any prior changes were granted" to the claimant. *Id.* In denying Johnson's attorney's motion for a second continuance because the proffered reason was not sufficiently weighty and an initial continuance had already been granted, the Secretary complied with section 404.936(d).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.