IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 01-20108
Summary Calendar

————————————

ANDRES LOPEZ,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI,
ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1653

————————————

August 29, 2001

Before GARWOOD, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[**]

Plaintiff-appellant Andres Lopez (Lopez) appeals the district court's summary judgment affirming the Social Security Commissioner's decision that he is not entitled to supplemental

---

[1]Larry G. Massanari has replaced Kenneth S. Apfel as acting Commissioner of Social Security and is therefore substituted in accordance with Fed. R. App. P. 43(c)(2).

[**]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

security income benefits.

Our review of a denial of disability insurance benefits is limited to whether the Commissioner applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). There was substantial evidence to support the Commissioner's decision that Lopez's impairments did not meet or equal a listed impairment because he failed to comply with his prescribed treatment. *See id.;* 20 CFR §§ 404.1530, 416.930; *Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990). The medical records for the period June 1994 to April 18, 1995, were not considered by the Commissioner because a previous administrative decision adjudicated Lopez's benefit entitlements through April 18, 1995. *See Muse v. Sullivan*, 925 F.2d 785, 787 n.1 (5th Cir. 1991). Lopez's argument that the district court applied the wrong standard of review in granting the Commissioner's summary judgment motion is without merit. This claim is essentially an argument that there is not substantial evidence in the record to support the Commissioner's decision that Lopez is not disabled.

We need not consider Lopez's arguments regarding the need for an electroencephalogram (EEG) as the Commissioner did not dispute that Lopez had a seizure disorder. Lopez makes the following arguments for the first time on this appeal, namely: that the

Commissioner erred in finding his medication was never increased; that the Commissioner failed to determine the frequency of his seizures; that the Commissioner failed to determine why his Dilantin levels were not in the therapeutic range; that the Commissioner erred in concluding that toxic levels of Dilantin indicated noncompliance; that the Commissioner failed to consider the after-effects of heavier dosages of dilantin; and that the Commissioner failed to consider that his epilepsy, skeletal injuries, psychosis, gum swelling, and teeth loss, in combination, met or equaled the listed impairment of 11.02 (major motor seizures). Lopez does not explain his failure to raise these issues before the district court. As this case does not present exceptional circumstances, we will not address these arguments. *Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997).

Inasmuch as Lopez failed to show that the Commissioner's decision was not based on the proper legal standards or that it was not supported by substantial evidence, the district court's summary judgment affirming the Commissioner's denial of benefits is

AFFIRMED.

3