United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————

No. 05-50935

————

GABRIELLE ARCE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee.

————

Appeal from the United States District Court
For the Western District of Texas
USDC No. 1:04-CV-349

————

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:*

Gabrielle Arce appeals the magistrate judge's order affirming the Administrative Law Judge's

(ALJ) denial of disability benefits to Arce. She argues that she is entitled to disability benefits on

account of her epilepsy, her borderline intelligence, or the combination of the two.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arce applied for disability benefits, alleging that epilepsy and borderline intelligence prevented her from working. In a questionnaire, she stated that she suffered from seizures from which she needed two days of rest to recover. At a hearing before an ALJ, she testified that she was frequently unable to work because of stomach problems, migraines, dizziness and fainting.

Arce's medical records indicate that she reported fifteen seizures between April 1999 and September 2001. A neurosurgeon who examined Arce stated in a letter that Arce has "medically intractable seizures" occurring once a month. The notes of her treating physician reveal three instances of Arce's non-compliance with her medication in 2000 and 2001.

An IQ test revealed that Arce had a full scale IQ of 69, performance IQ of 66, and verbal IQ of 72. Her high school records indicated that Arce reads at the fifth grade level, spells at a sixth grade level, and can do arithmetic at the third grade level. Arce graduated from high school, although she was graded on a modified scale and took some special education courses.

The ALJ concluded that Arce was not disabled and denied her claim for benefits. After exhausting her administrative remedies, Arce filed this civil action. The magistrate judge denied her claims after concluding that the ALJ properly determined that Arce was not disabled.

This court only reviews an ALJ's decision to determine whether it is supported by substantial evidence and to ensure that the ALJ applied the correct legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Id.* at 295.

Arce first argues that she met a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii). She argues that her epilepsy meets listing 11.02, which requires that the claimant suffer from seizures at

least once a month despite at least three months of prescribed treatment. 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02. There is substantial evidence in the record, specifically her treating physician's notes, to support the ALJ's conclusion that Arce did not suffer monthly seizures and therefore did not meet listing 11.02.

Arce also argues that she meets listing 12.05C because she is mentally retarded. To meet listing 12.05C, Arce's impairment must satisfy the introductory paragraph of listing 12.05, which states that "mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. A state medical consultant who examined Arce indicated that she did not have deficits in adaptive functions. On a checklist entitled "Adaptation," he indicated no significant limitations on her ability to respond appropriately to changes in the work setting, to be aware of normal hazards and take appropriate precautions, and to set realistic goals and make plans independently of others. He indicated that her ability to travel in unfamiliar places or use public transportation was only moderately limited. On her supplemental questionnaire, Arce stated that she could do housecleaning and use a computer, that she did not need help grooming or communicating, and that she got along well with people when she worked. Although she also stated that she needed help cooking, paying bills, shopping, riding a bus and taking care of children, there is substantial evidence in the record that she does not have deficits in adaptive functioning. *See* 20 C.F.R. pt 404, subpt. P, app. 1 § 12.00(C)(1) (stating that adaptive functions include "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [one's] grooming and hygiene, using telephones and directories, and using a post office"); *see also Morris v. Dretke*, 413 F.3d 484, 487 (5th Cir. 2005) (quoting the lists of adaptive skills used by the American

Association on Mental Retardation and American Psychiatric Association, which largely comport with the list provided in § 12(C)(1)). Because there is substantial evidence that she does not have deficits in adaptive functioning, there is substantial evidence that she does not meet listing 12.05C.

Arce next argues that the ALJ did not properly explain why he concluded that "[her] testimony concerning her functional limitations was not reasonably supported by the objective clinical evidence." In particular, she argues that the ALJ's report did not include specific citations to the record to support his conclusion that she had a history of non-compliance with her medication and that her borderline intellectual functioning did not interfere with her ability to work. Social Security Ruling (SSR) 96-7p requires that the ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at *2. The references to Arce's noncompliance, contained in her treating physician's notes, are readily identifiable in the record, as is the report of the state medical consultant, which concludes that Arce's functional limitations were only slight or moderate. Despite the lack of specific record citations, the ALJ's decision is sufficiently clear that Arce and this court can understand why the ALJ put little weight on Arce's claim that she could not work.

Arce argues that the ALJ should not have relied exclusively on the Medical-Vocational Guidelines (the "Guidelines"). "When the claimant suffers only from exertional impairments or his non-exertional impairments do not significantly affect his residual capacity, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citations omitted). "A person

with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels." SSR 85-15 at *8. The ALJ concluded that Arce's seizure disorder required only these two seizure precautions, and she has not argued to the contrary. Accordingly, the ALJ did not err in relying on the Guidelines in light of Arce's epilepsy.

Arce's borderline intelligence does not significantly affect her residual functional capacity either. "Although mental retardation qualifies as a non-exertional impairment," *Selders*, 414 F.2d at 619, "[b]elow-average intelligence alone does not constitute a non-exertional impairment," *id.* (quoting *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990)). As discussed above, substantial evidence supported the ALJ's conclusion that Arce has borderline intelligence but is not mentally retarded.

It was suggested at oral argument that while neither Arce's seizure disorder nor her borderline intelligence alone had a significant effect on her residual functional capacity, their combined effect would significantly erode the job base. Under *Selders* and *Johnson*, however, borderline intelligence is not merely an *insufficient* non-exertional limitation; it is not a non-exertional limitation *at all*. *See Selders*, 914 F.2d at 618; *Johnson*, 894 F.2d at 686. Because borderline intelligence is not a non-exertional limitation, it does not erode the relevant job base even when considered in conjunction with seizure precautions.

Arce also argues that the ALJ should not have applied Rule 203.28 of the Guidelines because she does not have a high school education. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, rule 203.28. She stresses that she took special education courses and functions academically somewhere between the

-5-

third and sixth grades. Arce argues that, in light of this evidence, the ALJ should not have relied on school reports and her own testimony to conclude that she had a high school education.

We recently addressed whether an ALJ can rely on an applicant's own statements about his or her education level when there is significant evidence in the record that the applicant does not have skills commensurate with that education level. In *Perez v. Barnhart*, 415 F.3d 457 (5th Cir. 2005), the applicant was enrolled in special education classes between sixth and tenth grades and took only non-academic courses during the eleventh and twelfth grades. *Id.* at 462. The applicant claimed that he had difficulty spelling and could not even fill out a job application. *Id.* We held that substantial evidence, specifically the applicant's testimony and school records, supported the ALJ's conclusion that the applicant had a high school education. *Id.* at 463. Because of the factual similarities between this case and *Perez*, we must hold that substantial evidence supports the ALJ's conclusion that Arce has a high school education.

Finally, Arce argues that the ALJ did not give sufficient weight to the opinions of her treating physician. This argument is waived because Arce did not present it in the district court. *See Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004).

For the foregoing reasons, the judgment of the district court is AFFIRMED.