**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-10137
Summary Calendar

MELISSA EGGINS

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
4:07-CV-412

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Melissa Eggins appeals the district court's decision to affirm the Administrative Law Judge's ("ALJ") denial of Social Security disability benefits. Because we find there was substantial evidence to support the ALJ's determination that Eggins is not disabled, we affirm.

Eggins filed for Social Security benefits in June 2005, alleging disability due to sitting limitations, shortness of breath, nose bleeds, and migraine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

headaches beginning in March 1991.[1] After the Social Security Administration denied her applications for benefits both initially and on reconsideration, Eggins requested a hearing before an ALJ. The ALJ found Eggins to be not entirely credible regarding the intensity, persistence, and limiting effects of her alleged medical symptoms. Furthermore, the ALJ gave little weight to the opinions of Eggins' treating physicians because none supported their opinions with clinical or examination evidence. The ALJ noted that the examination evidence that was on record indicated minimal physical limitations in her lungs, hips and back. The ALJ issued an unfavorable decision, finding Eggins not disabled because she retained the ability to perform a modified range of light work activity.

The Appeals Council denied Eggins' request for review of the ALJ's decision. Eggins appealed to the district court. A magistrate judge recommended affirming the ALJ's final administrative decision; Eggins did not file an objection to the magistrate's recommendation. The district court subsequently adopted the magistrate's report and recommendation affirming the ALJ's decision.

Eggins now appeals, arguing the district judge abused its discretion in denying her disability benefits.[2] Our task on appellate review is to examine

---

[1] Eggins was insured for disability benefits through December 31, 1994. To be eligible for disability benefits under Title II of the Social Security Act, Eggins must establish that she became disabled on or before December 31, 1994. *See Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990) (claimants bear the burden of establishing a disabling condition before the expiration of their insured status). Eggins would also need to establish that this disability continued interrupted through the period of time covered by her application for Title II benefits. 42 U.S.C. § 416(i)(2)(A).

[2] Under the "Statement of Issues," Eggins purports to argue the district court abused its discretion in failing to issue a certificate of appealability. However, Eggins does not make any argument to support her contention. We treat issues which the appellant fails to properly argue in an appellate brief as abandoned. FED. R. APP. P. 28(a); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).

whether substantial evidence exists in the record to support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

In evaluating a disability claim, the ALJ conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). If, at any step, the claimant is determined to be disabled or not disabled, the determination is conclusive and the inquiry ends. *Id.* The burden of establishing disability rests with the claimant for the first four steps, and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id.* Once the Commissioner shows that a claimant is able to perform a significant number of jobs in the national economy, the burden shifts back to the plaintiff to rebut this finding. *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005).

First, Eggins contests the ALJ's failure to consider testimony from certain treating physicians that supports Eggins' claims of physical limitation. An "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Substantial evidence supports the ALJ's conclusion that none of Eggins' treating physicians have been able to support their opinions with objective medical findings. For example, Eggins' 1993 letter from Dr. Hrishi Maewal stated she was unable to work due to "chemical bronchitis," but was not accompanied by any objective clinical or examination findings showing any degree of impairment in Eggins' pulmonary functioning. Similarly, Eggins' treating physician, Dr. Clarence Brooks, wrote two letters in 2000 stating

Plaintiff was "permanently disabled" without identifying any particular medical condition that rendered her unable to work. Indeed, Dr. Brooks's treatment records from March 1995 through July 2000 contained no pulmonary studies or objective clinical or examination findings showing any degree of impairment in Eggins' pulmonary functioning other than instances of wheezing. The opinions of physicians at the Allergy Environmental Clinic were equally conclusory and supported by only a few physical examinations, which in fact showed Eggins' chest to be clear. The physicians observed wheezing only with "forced exhalation," indicating these symptoms were not present with normal activities. The ALJ was not required to give these opinions substantial weight. *See Perez*, 415 F.3d at 466 (finding "good cause" exceptions for giving less or no weight to treating physicians' opinions exceptions, such as "statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence"); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (same).

Furthermore, the record shows substantial evidence that Eggins retained the residual functional capacity to perform work. Eggins' medical history presents numerous contradictory findings. For instance, although Eggins reported persistent pulmonary irritation originating from an exposure to harsh chemicals while on the job in 1991, a 1996 consultative examination showed her lungs were clear.[3] A 2000 examination by Dr. Mark Dambro noted that Eggins' lungs were clear and her chest x-ray was negative. A 2001 examination by a pulmonary specialist also showed a clear chest x-ray, wheezing only with forced exhalation, and an unimpaired lung capacity[4]—none of which are disabling

---

[3] This examination does not appear in the administrative transcript. However, Eggins waived issues regarding the completeness of the record in her opposition to the Commissioner's motion to remand. USCA5 87-92.

[4] *See infra* n.3.

symptoms that would prevent Eggins from performing certain jobs within her residual functional capacity.

Second, Eggins argues that the ALJ failed to consider her mental limitations (depression and borderline intelligence) in finding that she could perform a modified range of light work activity. However, the ALJ acknowledged that Eggins suffered from depression and noted her treatment with therapist Maria Villarreal and her 2000 psychological consultive evaluation with Dr. James Cannici. Dr. Cannici concluded Eggins suffered from a single episode of major depression; he made "rule out" impressions of somatoform disorder and borderline intellectual functioning. Nevertheless, the report did not indicate that these diagnoses adversely impacted Eggins' ability to perform a moderate range of light work activity. The ALJ accommodated Eggins' mental impairments in his decision, noting she would be "limited to unskilled work secondary to depression." Any argument that Eggins' "borderline intellectual functioning" should be an independent basis for establishing an inability to work is not well taken. *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) ("Below-average intelligence alone does not constitute a non-exertional impairment." (quoting *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990)).

Thus, substantial evidence—including the medical evidence on record, Eggins' lack of credibility as to the persistence and limiting effects of her physical symptoms, and the vocational expert's testimony regarding the type and number of jobs available for someone with Eggins' limitations—supports the ALJ's conclusion that Eggins can perform jobs requiring a moderate range of light work activity and is therefore denied Social Security disability benefits.

AFFIRMED.