# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60007

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2018

Lyle W. Cayce
Clerk

AMANDA JEAN HILL,

      Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CV-72

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant appeals the final judgment of the magistrate judge affirming the Commissioner's decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60007

Social Security Act ("the Act").     Because the decision is supported by substantial evidence, we affirm.

## I.  Facts & Procedural History

In February of 2013, Plaintiff-Appellant Amanda Jean Hill filed applications for SSI and DIB.  The Commissioner of Social Security ("Commissioner") denied Hill's applications and Hill requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held in early November 2014 and Hill and a vocational expert testified.  At this time, the ALJ noted that the administrative record contained a 2010 psychiatric report from Dr. Joe Morris that pertained to another individual named Amanda Hill. All parties agreed that the report pertained to an individual other than the claimant and the ALJ expunged the report from the record.

In December of 2014, the ALJ issued his final decision.  Therein, the ALJ noted that Hill was born in 1977 and was 37 years old at the time of the proceedings.  She was 5 feet 7 inches tall and weighed approximately 193 pounds.  Hill was educated through the ninth grade and in the past had worked as a cashier, a cook, and a sewing machine operator.  Hill had first alleged disability in July 2011 claiming that she had chronic pain, numbness and tingling in her legs and back, diabetes, asthma, carpal tunnel syndrome, anxiety and depression.  Hill had a lengthy medical history and had previously been prescribed Lortab, Soma, Xanax and other pain medications.

The ALJ evaluated Hill's claims pursuant to the five-step sequential process for the evaluation of adult disability under the Social Security

No. 17-60007

Regulations ("Regulations").  *See* 20 C.F.R. § 404.1520.[1]  Specifically, the ALJ made the following findings:  (1) the record reflected that Hill had not engaged in "substantial gainful activity" since her alleged disability onset date; (2) the record reflected that Hill experienced back disorders, obesity, hypertension, and diabetes, all of which constituted "severe" impairments under the Regulations; (3) the record evidence did not demonstrate that Hill's impairments met or were equal to the severity requirements of any Listing within the Listing of Impairments set forth in the Appendix to the Regulations; (4) Hill's subjective complaints and hearing testimony were less than credible; (5) Hill retained the residual functional capacity ("RFC") for the performance of a broad range of light work; (6) Hill's RFC does not preclude her from

---

[1] Section 404.1520(a)(4) provides in pertinent part:

These are the five steps we follow:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

## No. 17-60007

returning to the performance of past relevant work; (7) at the age of 37, Hill is considered a "younger individual" and has a "limited education"; (8) Hill has a background in skilled work with no readily transferable skills; (9) based on Hill's RFC and several other vocational factors, a significant number of jobs exist in the national economy which Hill can perform; (10) Hill is not under a "disability" within the meaning of the Act. In light of these findings the ALJ concluded that Hill was not entitled to SSI or DIB and affirmed the decision of the Commissioner denying Hill's applications for benefits.

Hill appealed the ALJ's decision and a hearing was held before a United States magistrate judge[2] in December of 2016. At the close of the hearing, the magistrate judge announced that she was affirming the Commissioner's decision. In her oral reasons for her subsequently issued judgment, the magistrate judge drew several conclusions. First, she observed that the report issued by Dr. Morris pertaining to another claimant that was expunged by the ALJ did not speak to the RFC's reference to Hill's physical limitations because it was a psychological report. Thus, to the extent that Hill alleged that the report "tainted" the administrative record, her argument failed. Second, the magistrate judge noted that the ALJ had properly relied on the findings of Hill's examining physician Dr. William Gary, as well as the findings of other non-examining physicians. The magistrate judge then observed that the record supported the conclusion that Hill's mental conditions of depression and anxiety were adequately controlled with medication. Finally, the magistrate judge noted the inconsistencies between the record evidence and Hill's testimony and concluded that the ALJ was warranted in finding that Hill was less than credible. The magistrate judge concluded that there was substantial

---

[2] The parties consented to entry of final judgment by the United States magistrate judge under 28 U.S.C. § 636(c).

No. 17-60007

evidence in the record to support the underlying decision that Hill was not disabled.

Hill filed this appeal.

## II. Standard of Review

Our review of the ALJ's decision is "highly deferential." *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005). When reviewing a denial of benefits, our inquiry is limited to whether substantial evidence supports the final decision and whether the Commissioner employed the correct legal standards. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing 42 U.S.C § 405(g)). If substantial evidence supports the Commissioner's findings, they are "conclusive," *Richardson v. Perales*, 402 U.S. 389, 390 (1971), and will be affirmed. *Masterson*, 309 F.3d at 272. "Substantial evidence is more than a mere scintilla and less than a preponderance." *Id.* (internal quotation marks omitted). On appeal, we will not "re-weigh the evidence . . . or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision." *Id.*

## III. Discussion

The claimant has the burden of proving she suffers from a disability, defined under the Act as a mental or physical impairment, lasting at least a year, that precludes her from engaging in substantial gainful activity. *Id.* at 271. In evaluating whether the claimant is disabled, the Commissioner follows a five-step sequential process and considers "whether (1) the claimant is currently engaged in substantial gainful activity, (2) [the claimant] has a severe impairment, (3) the impairment meets or equals the severity of a listed impairment in . . . the [R]egulations, (4) the impairment prevents the claimant from performing past relevant work, and (5) the impairment prevents [the claimant] from doing any other work." *Id.* (citing 20 C.F.R. § 404.1520). If the claimant carries her burden on the first four steps, the burden shifts to the

Commissioner to prove the claimant's employability in the national economy. *Id.* at 272. A finding at any step that the claimant is not disabled ends the inquiry. *See* 20 C.F.R. § 404.1520(a)(4).

On appeal Hill asserts two primary arguments. She first takes issue with the expunged report of Dr. Morris that she claims was erroneously relied upon by non-examining state agency consultants whose opinions were subsequently relied upon by the Commissioner and the ALJ to deny Hill's applications for SSI and DIB. Second, citing *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980), Hill argues that the ALJ improperly relied on non-examining physician reports in rendering his decision affirming the Commissioner's denial of benefits. We disagree.

As an initial matter, it is undisputed that the correct legal standards were employed in the proceedings below. *See* 20 C.F.R. § 404.1520(a)(4); *Masterson*, 309 F.3d at 272. With respect to Hill's first argument, as noted, Dr. Morris's 2010 psychological report pertaining to another claimant was expunged by the ALJ prior to his issuance of final judgment. Additionally, as the magistrate judge observed, Dr. Morris's report concerned mental health findings, not those related to Hill's alleged physical condition. Moreover, Hill concedes that the 2010 expunged report issued by Dr. Morris is never mentioned in any report subsequently issued by the non-examining state agency consultants. To the extent that the report was allegedly considered by non-examining state agency consultants, it did not negate the other substantial record evidence supporting the Commissioner's conclusion that Hill is not disabled under the Act.[3] *Id.* at 272. Accordingly, Hill's argument

---

[3] The record further indicates that Hill sought mental health treatment with the Region III Mental Health Center between March 2010 and March 2012 and she was consistently evaluated during this time as having no "severe" mental impairment or combination of impairments.

that the report somehow tainted or undermined the Commissioner's final decision that Hill is not disabled under the statute is without merit.[4]

Hill's second argument that the ALJ erroneously relied on non-examining physician reports in rendering his decision is also without merit. The record reflects, as the magistrate judge noted, that the ALJ also considered the detailed report issued by Hill's examining physician Dr. Gary. Dr. Gary's report thoroughly details Hill's alleged impairments and complaints and draws conclusions that support the Commissioner's decision that Hill is not disabled under the Act. Dr. Gary reported that although Hill complained of neck, back, and leg pain, she could sit and stand for 15–30 minute periods of time, walk 100 yards and exhibited normal ranges of motion in her neck, shoulders, wrists, and knees. A lumbar x-ray showed no significant damage and she had a clear chest and lungs and a normal heart. She displayed negative straight leg testing and negative neurological, sensory and reflex findings on a consistent basis—meaning, there were no findings of abnormalities when these tests were performed. She had no edema, controlled hypertension, and questionably controlled diabetes.

To the extent that Hill is arguing that the ALJ may not rely on a non-examining physician's evaluation of a claimant's claims of disability, she is

---

[4] Quoting an out of circuit, unpublished case, Hill argues that "[w]hen faced with a similar situation involving erroneously considered medical records of an individual other than the claimant at issue, the Sixth Circuit has stated that in most cases, such a situation 'would compel us to vacate and remand the case to the SSA in order to start the process anew.'" *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 458 (6th Cir. 2008). Hill implies that this language in *Wilson* requires remand here. Her argument, however, is misplaced. The Commissioner in that case filed a statement that "[t]he erroneous inclusion of these medical records does not change the basic issues on this appeal." *Id.* Further, that case was never remanded to the Commissioner because the erroneous records were withdrawn and the parties both indicated a desire to continue the proceedings thereafter. *Id.* at 458–59. Our examination of the record indicates that Dr. Morris's report did nothing to negate the substantial body of evidence supporting the Commissioner's decision that Hill is not disabled. Further, as noted, the ALJ here also expunged the erroneous report from the record prior to affirming the Commissioner's unfavorable decision against Hill.

incorrect. The ALJ may rely on a non-examining physician's assessments so long as the report of the non-examining physician is not "the sole medical evidence presented" and as long as the non-examining physician does not draw "specific medical conclusions that either contradict or are unsupported by findings made by an examining physician." *Villa v. Sullivan*, 895 F.2d 1019, 1023–24 (5th Cir. 1990). Here, the reports of Hill's non-examining physicians were not the "sole medical evidence presented" nor were they inconsistent with Dr. Gary's reported findings.

Finally, in addition to the medical reports of the examining and non-examining physicians and state agency consultants, other evidence in the record supports the Commissioner's decision. The record reflects that Hill alleged she became disabled in 1999 but did not stop working until July 2011—an indication that her condition was not tantamount to a disability as defined under the Act. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (noting that substantial evidence supported a finding of no disability when the record reflected that the claimant "was able to, and did, work for several years while suffering from ailments she now asserts are disabling"). Furthermore, as the ALJ noted, Hill conceded that she stopped working at the alleged onset date of her disability due to a layoff, implying "a non-medical, hence incredible basis for the cessation of work." Finally, the record reflects that Hill had a history of failing to appear for many of her follow-up medical appointments, suggesting an absence of consistent support for her alleged disability. *See Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990) ("Even if [the claimant] were found to be disabled as of December 31, 1983, he would still not be entitled to recover benefits inasmuch as he failed to follow the treatment regimen prescribed by his physicians." (citing 20 C.F.R. § 404.1530(a), (b))).

No. 17-60007

Accordingly, we conclude that substantial evidence in the record supports the Commissioner's decision that Hill is not disabled under the Act. *Masterson*, 309 F.3d at 272.

## IV. Conclusion

For the foregoing reasons, we affirm the final judgment of the magistrate judge affirming the decision of the Commissioner denying Hill's applications for SSI and DIB under the Act.