In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3897

PATRICIA NOVY,

*Plaintiff-Appellant*,

*v.*

MICHAEL J. ASTRUE, Commissioner of Social Security,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 2090—**Martin C. Ashman**, *Magistrate Judge*.

ARGUED JULY 11, 2007—DECIDED AUGUST 14, 2007

Before POSNER, COFFEY, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*.  Patricia Novy, age 35, applied unsuccessfully for social security disability benefits. The principal issue and the only one we need discuss involves her claim of being mentally retarded. Her main evidence of retardation is her low IQ—69—though there is also evidence from psychologists and other medical professionals that, as one would expect, she has poor memory, confused thinking, and, as her brief puts it, "marginal ability to navigate social encounters and activities of daily living."

The applicable regulation defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. I, § 12.05. The requirement of early onset and the reference to the claimant's "developmental period" seem intended to limit coverage to an innate condition, *Brown v. Secretary of Health & Human Services*, 948 F.2d 268, 271 (6th Cir. 1991), rather than a condition resulting from a disease or accident in adulthood. This condition was forcefully questioned in *Tennessee Protection & Advocacy, Inc. v. Wells*, 371 F.3d 342, 346-50 (6th Cir. 2004), but is in any event satisfied in this case.

If in addition to being retarded within the meaning of the regulation the claimant has an IQ below 60, she is deemed disabled, without more. 20 C.F.R. Pt. 404, Subpt. P, App. I, § 12.05(B). But if her IQ is at least 60, she must, in order to establish disability without reference to her age, education, or work experience, demonstrate "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*, § 12.05(C); see *Mendez v. Barnhart*, 439 F.3d 360, 361 (7th Cir. 2006); *Hinkle v. Apfel*, 132 F.3d 1349, 1351-52 (10th Cir. 1997); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (per curiam). In other words, and critical to Novy's case, a low IQ, but not an IQ below 60, is insufficient, even with the presence of some impairment, to establish disability per se on grounds of mental retardation. The reason is that a person with an IQ in the 60s (or even lower) may still be able to hold a full-time job, *Mendez v. Barnhart*, *supra*, 439 F.3d at 361; see *Chunn v. Barnhart*, 397 F.3d 667,

669 (8th Cir. 2005); *Banks v. Massanari*, 258 F.3d 820, 821-22 (8th Cir. 2001); *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). Their employment opportunities are of course limited. See, e.g., Paul Wehman, John Bricout & John Kregel, "Supported Employment in 2000: Changing the Locus of Control from Agency to Consumer," in *Mental Retardation in the 21st Century* 115 (Michael L. Wehmeyer & James R. Patton eds. 2000); William E. Kiernan, "Where We Are Now: Perspectives on Employment of Persons with Mental Retardation," in *id.* at 151. But the social security disability program is not an unemployment-benefits law.

The key term in the introductory paragraph of section 12.05 of the regulation, so far as bears on this case, is "deficits in adaptive functioning." The term denotes inability to cope with the challenges of ordinary everyday life. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders, Text Revision (DSM-IV-TR)* 42 (4th ed. 2000). If you cannot cope with those challenges, you are not going to be able to hold down a full-time job. In the case of Novy, however, the administrative law judge was on firm ground in finding that she can cope. She lives on her own, taking care of three children (possibly four—she definitely has four but the record is unclear whether more than three of them are living with her) without help, feeding herself and them, taking care of them sufficiently well that they have not been adjudged neglected and removed from her custody by the child-welfare authorities, paying her bills, avoiding eviction. Her intellectual limitations pose serious challenges to her ability to raise a family on her own. But she has overcome those challenges well enough that she should be able to hold down a full-time job—or so at least

the administrative law judge was entitled to conclude without courting reversal.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*