13-2660-cv
*Burnette v. Colvin*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fourteen.

PRESENT:   JOHN M. WALKER, JR.,
           DENNY CHIN,
           CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ELIZABETH ANN BURNETTE,
                   Plaintiff-Appellant,


                   -v.-                                13-2660-cv

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,
                   Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          JAYA A. SHURTLIFF, Law Offices of Kenneth
                                  Heller, PLLC, Amherst, New York.

---

*        The Clerk of the Court is directed to amend the caption accordingly.

FOR DEFENDANT-APPELLEE:    PETER W. JEWETT, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, on the brief), for William J. Hochul, Jr., United States Attorney for the Western District of New York, New York, New York.

Appeal from the United States District Court for the Western District of New York (Telesca, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Elizabeth Ann Burnette appeals from the district court's judgment entered July 9, 2013 dismissing her complaint with prejudice.  Judgment was entered pursuant to the district court's July 8, 2013 decision and order, which affirmed a decision of the Commissioner of Social Security (the "Commissioner") denying Burnette's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq.  We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

On June 8, 2010, Burnette applied for SSI benefits claiming she was disabled due to a back injury, spinal arthritis, deafness in one ear, and mental health issues.  The application was initially denied on August 6, 2010 and, after a hearing before Administrative Law Judge Lawrence Levey, denied again on August 31, 2011.  Applying the five-step sequential evaluation process for determining an SSI claimant's

disability, the ALJ concluded that: (1) Burnette had not engaged in substantial gainful activity since the date of her application ; (2) her physical and mental health problems amounted to a severe combination of impairments ; (3) her impairments did not, singly or in combination, meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) she retained the residual functional capacity ("RFC") to perform light work with certain accommodations, but she had no past relevant work experience; and (5) considering her age, education, work experience, and RFC, there were other jobs available in the economy that she could perform.  On March 26, 2011, the Office of Disability Adjudication and Review denied Burnette's request for review, rendering the ALJ's decision final.  The district court granted the Commissioner's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  On appeal, Burnette challenges the ALJ's determinations that: (1) her impairments in combination did not equal an Appendix 1 listing; (2) she had the RFC to perform light work; (3) she was not fully credible; and (4) the vocational expert's testimony was reliable.

In reviewing a district court's decision to uphold the denial of a social security application, "it is not our function to determine de novo whether a plaintiff is disabled."  Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (internal quotation marks and alterations omitted).  Rather, we "conduct a plenary review of the administrative record to determine if there is substantial

evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation mark omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 127 (internal quotation marks omitted).

1.      **Appendix 1 Listings**

We agree with the district court that there is substantial evidence to support the ALJ's conclusion that Burnette's impairments did not meet or medically equal any of the impairments listed in Appendix 1. Burnette argues otherwise, maintaining that her impairments satisfy Listing 12.05, which sets forth the conditions under which a person is intellectually disabled. To satisfy Listing 12.05, the claimant must make a threshold showing that she suffers from "significantly subaverage general intellectual functioning with deficits in adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; see Talavera v. Astrue, 697 F.3d 145, 152-53 (2d Cir. 2012). The claimant must then demonstrate "[t]he required level of severity for this disorder" under Listing 12.05(A), (B), (C), or (D). Talavera, 697 F.3d at 152. On appeal, Burnette contends that her impairments satisfy Listing 12.05(B) or (C).

First, there is substantial evidence that Burnette did not suffer from the requisite "deficits in adaptive functioning." A person suffers from a deficit in adaptive functioning if she is unable to satisfactorily "'cope with the challenges of ordinary

- 4 -

everyday life,'" including "'living on one's own,' 'taking care of children without help sufficiently well that they have not been adjudged neglected,' 'paying bills,' and 'avoiding eviction.'" Id. at 153 (alterations omitted) (quoting Novy v. Astrue, 497 F.3d 708, 710 (7th Cir. 2007)).  Here, Burnette reported graduating from high school without special education classes, maintaining a job for some time after high school, and briefly attending college.  Additionally, although she reported sometimes needing help with cooking, cleaning, and laundry, she has nevertheless been able to live alone, obtain a driver's license, take public transportation, shop for food, and pay her bills.

Second, there is, at any rate, substantial evidence to support the ALJ's conclusion that Burnette's limitations were not at the "level of severity" necessary to satisfy the additional requirements of Listing 12.05(B) or (C).  Listing 12.05(B) requires that the claimant have "[a] valid verbal, performance, or full scale IQ of 59 or less." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(B).  Listing 12.05(C) requires that the claimant have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. § 12.05(C).  To argue that her impairment satisfies Listing 12.05(B) or (C), Burnette points to the consultative psychological examination conducted by Dr. Christine Ransom, which placed her overall IQ score at 57.  The ALJ, however, properly exercised his discretion in giving little weight to Dr. Ransom's evaluation, as that evaluation was inconsistent with the record as a whole.  Burnette's

treating doctors regularly found that she suffered from no apparent cognitive limitations or merely had poor concentration, and, as noted, Burnette did not need special education classes in high school and even attended college.  See Baszto v. Astrue, 700 F. Supp. 2d 242, 248 (N.D.N.Y. 2010) ("[A]n ALJ may reject an IQ score as invalid when it is inconsistent with the record.") (citing Lax v. Astrue, 489 F.3d 1080, 1087 (10th Cir. 2007) (noting that ALJ may consider other record evidence to determine whether reported IQ score was "accurate reflection of [claimant's] intellectual capabilities")); Vasquez-Ortiz v. Apfel, 48 F. Supp. 2d 250, 257 (W.D.N.Y. 1999); see also Markle v. Barnhart, 324 F.3d 182, 186 (3d Cir. 2003); Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998); Muse v. Sullivan, 925 F.2d 785, 790 (5th Cir. 1991); Lowery v. Sullivan, 979 F.2d 835, 837-39 (11th Cir. 1992).

## 2.    The RFC Determination

Substantial evidence also supports the ALJ's finding that Burnette could perform limited "light work as defined in 20 CFR 416.967(b)."

> Light work involves lifting no more than 20 pounds at a time
> with frequent lifting or carrying of objects weighing up to 10
> pounds.  Even though the weight lifted may be very little, a job
> is in this category when it requires a good deal of walking or
> standing, or when it involves sitting most of the time with some
> pushing and pulling of arm or leg controls.

20 C.F.R. § 416.967(b).  In deciding that she could perform limited light work, the ALJ relied on the evaluations of Burnette that suggest her physical and mental limitations were mild or moderate and did not prevent her from performing the kind of work

detailed in § 416.967(b). For instance, Dr. Samuel Rosati, Burnette's treating physician, regularly found in numerous evaluations that Burnette suffered no acute distress; had a normal range of motion, gait, and strength; and sometimes had mild or moderate physical pain, which her medication generally relieved. In addition, Dr. T. Harding, a non-examining medical consultant, opined that Burnette "retains the ability to perform simple work on a sustained basis." Thus, in relying on Burnette's treating doctors as well as other record evidence, the ALJ was well supported in his RFC determination. See Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("SSA regulations advise claimants that 'a treating source's opinion on the issue(s) of the nature and severity of your impairment(s)' will be given 'controlling weight' if the opinion is 'well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record.'" (alterations omitted) (quoting 20 C.F.R. § 404.1527(d)(2)).

3.      **The Credibility Determination**

An ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam). Here, the ALJ found inconsistencies between Burnette's statements and the evidence. As discussed, the evidence suggested that Burnette only suffered mild or moderate physical and mental health problems, in

contrast to her claims of more intense and persistent problems. Thus, the ALJ acted well within his discretion in concluding that Burnette was less than credible on at least some of her claims.

**4.** **The Vocational Expert Testimony**

Burnette claims the RFC determination was not supported by substantial evidence, and it was therefore improper for the ALJ to rely on responses to hypothetical questions posed to the vocational expert that were based on that RFC. Because we have determined that the RFC determination was indeed supported by substantial evidence, Burnette's argument is unavailing. See Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir. 1983).

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk