KELLY, Circuit Judge,
concurring.
I concur in the outcome of this case. I write separately because I disagree with the court’s analysis of the ALJ’s findings at steps two and three. Ante at 692-93. A finding that a mental retardation[3] diagnosis is a “severe impairment” requires a finding that it “significantly limits” the claimant’s “physical or mental ability to do basic work activities.” I disagree, however, with the court’s conclusion that “ ‘deficits in adaptive functioning’ within the meaning of Listing of 12.05” are substantively different than limitations on adaptive functioning for purposes of a step two diagnosis. Though I recognize that “[t]he medical standard for mental retardation is not identical to the legal standard,” Cox v. Astrue, 495 F.3d 614, 618 n. 4 (8th Cir.2007), both require findings of either limitations or deficits in adaptive *694 functioning. Courts have understood Listing 12.05C as simply adopting the medical definition of “adaptive functioning.” See Talavera v. Astrue, 697 F.3d 145, 153 (2d Cir.2012); Novy v. Astrue, 497 F.3d 708, 710 (7th Cir.2007); O’Neal v. Comm’r of Soc. Sec., 614 Fed.Appx. 456, 459 (11th Cir.2015) (unpublished per curiam); Bur-bridge v. Comm’r of Soc. Sec., 572 Fed. Appx. 412, 415 n. 2 (6th Cir.2014) (unpublished per curiam); cf. Diagnostic and Statistical Manual of Mental Disorders 46 (Am. Psychiatric Ass’n ed., 4th ed.1994).
As I understand the administrative decision, the ALJ implicitly rejected Dr. Vo-well’s diagnosis of mild mental retardation at step two. Although the heading of step two identifies “mild mental retardation” as one of Ash’s severe impairments, the ALJ immediately repudiated that finding, both with respect to the level of adaptive functioning and the IQ score that level of functioning implies. The ALJ did not expressly conclude that the mild mental retardation finding is not supported by the record, or that it does not amount to a severe impairment, but his reasoning explaining his step two findings was such that he cannot have found her to be mildly mentally retarded. This implicit conclusion is further supported by the ALJ’s discussion at step three.
“We have often held that an arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where the deficiency probably has no practical effect on the outcome of the case.” • Bryant on Behalf of Bryant v. Apfel, 141 F.3d 1249, 1252-53 (8th Cir.1998) (quotations and alterations omitted) (concluding that the ALJ’s analysis at step three clarified the ALJ’s “earlier imprecise wording” at step two where the ALJ identified headaches as a “severe impairment”). Based on my review of the record, I believe substantial evidence exists to support the ALJ’s conclusion that Ash is not disabled. Accordingly, I concur.

. Like the court, I use the term "mental retardation” rather than the updated term “intellectual disability.”